IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VETHA MAE ANDERSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-22-89-GLJ |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| **Acting Commissioner of the Social** ) | |
| **Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter comes before the Court on motion to alter or amend the Judgment entered in this case. For the reasons set forth below, Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Docket No. 25] is DENIED.

### I.     Procedural History

Plaintiff filed this action for judicial review of a denial of her administrative claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, at March 29, 2022 [Docket No. 1-2]. This Court rendered a decision on the briefing in this case, without the need for oral argument, on July 21, 2023 [Docket No. 22].  The Court reversed the ALJ's administrative decision, remanded for further proceedings consistent with said Order, and entered Judgment in favor of Claimant [Docket Nos. 22-23].  The Court found the ALJ failed to support her findings as to the claimant's RFC, as to both the medical evidence and opinion evidence in the record.  The

Government now timely requests reconsideration, *see* Docket No. 25, p. 1, of that decision, as to a medical opinion and the step four findings.

## II.   Analysis

> The Federal Rules of Civil Procedure . . . allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b).  These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies to a motion depends essentially on the time a motion is served.

*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). "Grounds warranting a motion to reconsider [pursuant to Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also Bradley v. Denver Health & Hosp. Auth.*, 2011 WL 766951, at *1 (D. Colo. Feb. 24, 2011) ("Although courts in this district have applied different standards . . . the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error."). Even with broad discretionary authority, however, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Paraclete*, 204 F.3d at 1012.  Because this review falls under the Court's general discretionary authority, the Court also notes that, "[i]n this circuit, abuse of discretion is defined as 'an arbitrary, capricious, whimsical, or manifestly unreasonable judgment.'" *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996) (*quoting FDIC v. Oldenburg,* 34 F.3d 1529, 1555 (10th Cir. 1994)) (*quoting United States v.*

*Hernandez–Herrera,* 952 F.2d 342, 343 (10th Cir. 1991)). Thus, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Paraclete*, 204 F.3d at 1012.

In its Motion, the Government argues that the court committed error in reversing and remanding for further consideration. The Court has carefully analyzed the Motion to Alter/Amend (Docket No. 25) and the Response Brief (Docket No. 26), the Court's Opinion and Order reversing the ALJ's decision (Docket No. 22), and the briefing on Plaintiff's appeal (Docket Nos. 14, 20). As to the available options for relief as defined in *Paraclete*, the first two are not applicable to the circumstances of this case; the Court therefore proceeds on the third basis, *i.e.*, whether there is a need to correct clear error or prevent manifest injustice. The current state of Social Security law requires an ALJ to support any assigned RFC with a narrative discussion and to properly assess opinion evidence in the record. *See* Soc. Sec. Rul. 96-8p, 1996 WL 374184, at *7 (July 2, 1996) & 20 C.F.R. §§ 404.1520c and 416.920c. This Court determined the ALJ in this case erred on both grounds, finding the postural limitations assigned in the RFC were not connected to the evidence in the record as to Claimant's impairments and that the ALJ further erred in assessing the opinion evidence. *See* Docket No. 22, pp. 9-10. The error was such that the ALJ's opinion was not clear as to how the evidence applied to the lift/carry requirements, the sit/stand and walking requirements, and further postural limitations. This lack of clarity was *in addition to* the ALJ's error with regard to the opinion evidence, *see id.*, pp. 10-12, leaving any future RFC undefined, and any applicable jobs unclear. The error was not, as the Government misapprehends, solely related to one doctor's opinion and his assigned

RFC. Further, the Government's arguments are largely an inappropriate attempt to relitigate arguments already rejected. *See Paraclete*, 204 F.3d at 1012 (It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."). The Court stands on the prior decision reversing the ALJ's decision and remanding for further consideration. No clear error is found requiring correction. *See King v. Comm'r of Internal Revenue,* 207 Fed. Appx. 681, 683 (7th Cir. 2006) ("Reasonable minds might disagree over the interpretation of the [piece of evidence], but such a disagreement is insufficient to amount to clear error."). In conclusion, because the Court properly apprehended the facts, the law, and the positions of the parties, relief under Rule 59(e) is inappropriate.

## CONCLUSION

Accordingly, Defendant's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) [Docket No. 25] is hereby DENIED.

IT IS SO ORDERED this 5th day of September, 2023.

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**