IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **VETHA MAE ANDERSON,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**KILOLO KIJAKAZI,** )<br>**Acting Commissioner of the Social** )<br>**Security Administration,** )<br>)<br>**Defendant.** ) | Case No. CIV-22-89-GLJ |

## OPINION AND ORDER AWARDING
## ATTORNEY'S FEES TO THE PLAINTIFF UNDER THE EAJA

Plaintiff Vetha Mae Anderson was the prevailing party in this action under the Social Security Act. Plaintiff originally sought an award of attorney's fees in the amount of $6,265.10 for 26.5 hours of attorney work, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [Docket No. 28 & Ex. 1]. The Commissioner subsequently filed a "Stipulated Motion for Award of Attorney Fees Under the EAJA" [Docket No. 29], indicating that the parties have agreed to an award of fees in the amount of $5,500.00.

Upon review of the record herein, the Court finds that the agreed amount is reasonable and that the Commissioner should be ordered to pay it to the Plaintiff as the prevailing party herein. *See* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort)[.]"); *see also*

*Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007) ("The EAJA therefore permits attorney's fees reimbursement to financially eligible prevailing parties, who make a proper application, and not to their attorneys.").

Accordingly, IT IS ORDERED that the Plaintiff's Motion for Award of Attorney Fees Pursuant to the *Equal Access to Justice Act* [Docket No. 28] is hereby GRANTED IN PART, to the extent that the Government is hereby ordered to pay the agreed-upon $5,500.00 fee award to the Plaintiff as the prevailing party herein. The Government's "Stipulated Motion for Award of Attorney Fees Under the EAJA" [Docket No. 29] is therefore GRANTED. IT IS FURTHER ORDERED that if the Plaintiff's attorney is subsequently awarded any fees pursuant to 42 U.S.C. § 406(b)(1), said attorney shall refund the smaller amount of such fees to the Plaintiff pursuant to *Weakley v. Bowen,* 803 F.2d 575, 580 (10th Cir. 1986).

**DATED** this 17th day of October, 2023.

_____
**GERALD L. JACKSON
UNITED STATES MAGISTRATE JUDGE**